Filed 8/10/15  P. v. Lavan CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B260394 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 4PR06508) |
| v. | |
| TONY TERRELL LAVAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Donald S. Kennedy, Judge.  Affirmed.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

**FACTUAL AND PROCEDURAL BACKGROUND**

In January 2012 Tony Terrell Lavan was sentenced to state prison following his conviction of transporting or selling marijuana in violation of Health and Safety Code section 11360, subdivision (a). On October 11, 2012 Lavan was released from custody and placed on post-release community supervision (PRCS), a form of parole supervised by the probation department (Pen. Code, § 3451). The conditions of Lavan's PRCS included that he obey all laws and not own, use or have access to a weapon or any instrument or device that a reasonable person would believe could be used as a weapon.

On the morning of September 21, 2014 Lavan resided at the Figueroa House, a transitional living center in Los Angeles. Lavan demanded the attention of a staff member and reacted angrily when the staff member told him she was busy helping another resident. After arguing with a staff member and a fellow resident, Lavan left the facility for the parking lot and retrieved a crow bar from his car. Lavan returned to the facility and began hitting the floor with the crow bar while angrily looking at staff members and residents. Someone called the police, but Lavan left before the officers arrived. He was subsequently arrested for violating the conditions of his PRCS.

On September 25, 2014, the probation department filed a petition for revocation of PRCS, alleging Lavan had failed to comply with the conditions of his release. The trial court preliminarily revoked Lavan's PRCS and scheduled a hearing. Prior to the hearing, the trial court granted Lavan's motion to represent himself. (See *Faretta v. California* (1975) 422 U.S. 806, 835-836 [45 L.Ed.2d 562, 95 S.Ct. 2525].)

At the probation revocation hearing on October 29, 2014 Lavan admitted the allegations in the petition. The trial court found that Lavan had violated the conditions of his PRCS by making threats and using a crow bar in a threatening manner. The court revoked and restored Lavan's PRCS on the same conditions and sentenced him to 180 days in county jail, with 74 days of presentence custody credit. On November 14, 2014 Lavan filed a notice of appeal.

2

**DISCUSSION**

We appointed counsel to represent Lavan on appeal.  After examination of the record, counsel filed an opening brief raising no issues.  On April 27, 2015, we advised Lavan he had 30 days within which to submit any contentions or issues he wanted us to consider.  We have received no response.

We have examined the entire record and are satisfied that Lavan's attorney on appeal has fully complied with the responsibilities of counsel and no arguable issue exists.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The order is affirmed.


SEGAL, J.


We concur:



PERLUSS, P. J.



ZELON, J.

3